## Brown v. Commonwealth.

November 12, 1948.

Joe Hobson for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Neither of the grounds relied upon to reverse the judgment of voluntary manslaughter with two years' imprisonment can be sustained. One is that the evidence is not sufficient to sustain the conviction, and the other, that there was a prejudicial error in an instruction.

All of the witnesses were introduced by the Commonwealth except the defendant himself. Lugene Campbell, the owner of a taxicab at Estill, had his driver, the defendant, Robert Lee Brown, called Buster Brown, to start on a journey to Ashland on the evening of May 2, 1947. Along the way they picked up Scott Cornett and Kenneth Roberts. Roberts, a policeman, gave his pistol to Brown to be locked up in the glove box of the automobile, and threw the holster back of the seat. The parties stopped at a saloon above Prestonsburg called "Welcome Inn." Toward midnight, a fight broke out between Campbell's party and another group of men, although the testimony is that of this party, only Campbell and Roberts were actually involved when the killing occurred. Beer bottles and fists were the weapons used in the general affray. There is no specific evidence as to the part the defendant had in this fight. When several men had been knocked down to the floor, two shots were fired which struck Fred Stilton in the chest and killed him instantly. Campbell, Cornett and Roberts saw the defendant with the pistol in his hand immediately afterward. Dills testified that he thought the man with the pistol was wearing a taxicab driver's cap. The witness was not asked to identify the defendant as that man. There are several conditions or circumstances that might have been more satisfactorily established. Sarah Gibson and Mary Carmody took the pistol away from Brown after wrestling with him. Other witnesses say they did not see the defendant in the room, but some of them had already been knocked out, or were not in posi-

tion to see him. It appears that Brown and his party were strangers to the others, as was Stilton to them. Campbell gave Brown the key to the car in order that he might take the wounded man to a hospital. Brown left alone in the taxicab, and was arrested before morning at his home some distance away. He then told the officer he had not heard of anyone being killed.

The defendant denied the testimony of Campbell and Roberts that he had been given the pistol to be locked up in the car. He testified that when the fight started he got in the car and went directly home, leaving his employer, Campbell, and companions there; that he knew nothing about the killing.

The citation of any precedent is unnecessary to support the decision that the evidence justified the conviction.

In some jurisdictions where the defense is an alibi, a self-defense instruction need not be given. But, in accordance with the weight of authority, it has been the rule in this jurisdiction from the beginning that such an instruction, as well as one on the defense of another person, should be given in every case where the evidence affords an inference that the homicide was committed under such circumstances. This is so even though the defendant claims that he was not present. In the instant case, the only justification for such an instruction is the evidence that the defendant's companions were engaged in a fight with a number of other men. Therefore, only liberality in the consideration of the legal rights of the accused warranted the giving of the instruction about which complaint is made. Moreover, the defendant had the benefit of the absence of a qualification that would have denied the right of self-defense and the defense of others if they had begun the fight as aggressors or had voluntarily engaged in a mutual combat.

The given instruction authorized the acquittal of the defendant if the jury believed from the evidence that, if at the time he shot Stilton (if he did so shoot) he believed, and had reasonable grounds to believe, that Stilton and others of his party, acting in concert with him, were about to inflict death or great bodily harm upon him, the defendant, or Roberts, or Campbell, or Cornett, "or it reasonably appeared to the defendant that such

was the case, and it further reasonably appeared to him that the only reasonably safe means of protecting himself, or them, against such danger, real or apparent, was to shoot the said Freddie Stilton, or others of his party acting in concert with him, and the shooting and killing of the former was done under these circumstances.''

In Tompkins v. Commonwealth, 117 Ky. 138, 77 S. W. 712, 713, 25 Ky. Law Rep. 1254, an instruction which conditioned the right of self-defense to any ''reasonably safe means of averting'' the danger to the defendant was held improper. The use of the word ''reasonably'' was regarded as curtailing the right of the defendant to what was ''tolerably safe or moderately safe, or in a measure safe, or partly safe, and partly unsafe,'' means of protecting himself. The idea expressed was that the defendant had the right to act upon what appeared to him to be reasonable grounds of danger, but when he realized that danger, then he was not compelled to choose an alternative method of averting it unless the method promised absolute safety. The judgment in Harvey v. Commonwealth, 266 Ky. 789, 100 S. W. 2d 829 was reversed for the use of the term ''reasonably safe means'' and other errors. The use of ''apparently'' instead of ''reasonably'' was approved, and the distinction drawn, in Staples v. Commonwealth, 178 Ky. 429, 198 S. W. 1169. The elimination of both modifying or qualifying words was directed in Slone v. Commonwealth, 230 Ky. 199, 18 S. W. 2d 1005 and Lindon v. Commonwealth, 257 Ky. 746, 79 S. W. 2d 202. The phrase ''apparent reasonable means'' was condemned and the term ''safe means'' held proper. Hopkins v. Commonwealth, 234 Ky. 676, 28 S. W. 2d 971, 973. In Farley v. Commonwealth, 284 Ky. 536, 145 S. W. 2d 100, 101, the technical confusion in relation to this and kindred phrases is referred to. It is there stated that where the instruction as a whole submits that the ''safe means of escape'' were those appearing to the defendant in the exercise of a reasonable judgment, it is proper. There are many cases to that effect. Of such is the approved form in Stanley's Instructions to Juries, sec. 900, where there are two or more assailants of the defendant. Perhaps the better form is the self-defense instruction in sec. 891, instructing that the defendant was justified in

killing the deceased where his act "was necessary, or seemed to him in the exercise of reasonable judgment to be necessary, in order to protect himself from said danger, real or to the defendant apparent." Where there is a claim of defense of other persons, the approved form in sec. 892 is "that it was necessary or was believed by the defendant in the exercise of reasonable judgment to be necessary to shoot the deceased in order to avert that danger, real or to the defendant apparent."

The instruction given in the instant case with respect to the use of "reasonably safe means" of protecting himself or others was that prepared by this Court to be given on another trial in Watkins v. Commonwealth, 123 Ky. 817, 97 S. W. 740, 743. It was directed to be given on another trial in Martin v. Commonwealth, 299 Ky. 1, 184 S. W. 2d 234, since it embodied the right of the defendant to act in defense of others being assaulted, as he claimed, by a group of men. The phrase under attack in this case was not noticed particularly. When the defendant had been convicted on a second trial, he raised the same question on appeal as is raised here. Distinguishing the two cases in which such phrase had been condemned, the instruction was held not prejudicial. Martin v. Commonwealth, 304 Ky. 661, 201 S. W. 2d 551. The difference in the form is technical. We are quite sure that the jury drew no distinction and were not influenced in the least by the use of term "only reasonably safe means of protecting himself." However, in the interest of consistency, we overrule so much of Watkins v. Commonwealth, supra, 123 Ky. 817, 97 S. W. 740, as approves the use of the term "only reasonably safe means."

The judgment is affirmed.