**Charles Lee SEAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 25, 1980.

Rehearing Denied Jan. 13, 1981.

Jack Emory Farley, Public Advocate, Sara L. Collins, Asst. Public Advocate, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Michael R. Beiting, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

Appellant, Charles Lee Seay, was convicted under two separate indictments of ten counts of robbery, four counts of rape, four counts of kidnapping, four counts of burglary, and one count of sexual abuse. He was sentenced to a total of 261 years' imprisonment.

On the evening of June 19, 1978, appellant and another man, George Wilson, pulled a gun on William Warner in an apartment complex parking lot and forced him to take them to Warner's apartment. Once inside appellant and Wilson tied up Warner and his wife, Rhonda, and robbed them. During this incident Mrs. Warner was raped more than once.

On June 27, 1978, appellant, along with an unknown accomplice, returned to the same apartment structure and forcibly entered Apartment 221. They robbed the seven inhabitants and raped Debra Jackson, one of the robbery victims. At this point the two men sexually abused another robbery victim, Becky Lucas, and forced her at gunpoint out into the hallway. They made her knock on the door of Apartment 222 in order for them to gain access. When a young boy opened the door appellant and his accomplice forced their way inside and tied up Mary Hilton and her two sons. Mrs. Hilton and one of the boys were robbed while the other son, Charles Hilton, was not.

Appellant and his associate then repeated their tactic, using Becky Lucas to get inside Apartment 223. There they robbed Garland and Kathy Myers. The Myerses and their small son were then taken, along with Lucas, back to Apartment 222 where they were tied up on the floor along with the Hiltons.

Appellant raises ten allegations of error. Five of these, however, were not raised at trial and therefore cannot be considered on appeal. RCr 9.54. We will concern ourselves with the five remaining issues.

Three of appellant's four rape convictions stem from the rapes of Rhonda Warner during the June 19 robbery. Appellant contends that there was insufficient evidence that he raped Mrs. Warner a third time. The record indicates that the victim first testified that she had been raped twice and sodomized once. Later when asked whether appellant had penetrated her vagina three times, she responded, "yes." We believe that this contradiction alone does not warrant reversal. Even assuming arguendo that this discrepancy in Mrs. Warner's testimony rendered the evidence insufficient, the error was not adequately preserved for appeal. Appellant's only objections were motions for a directed verdict of acquittal on all counts of both indictments. Such general motions were insufficient to apprise the trial court of the precise nature of the objection. *Eversole v. Commonwealth*, Ky., 550 S.W.2d 513 (1977). The proper procedure for challenging the sufficiency of evidence on one specific count is an objection to the giving of an instruction on that charge. *See Queen v. Commonwealth*, Ky., 551 S.W.2d 239 (1977); *Kimbrough v. Commonwealth*, Ky., 550 S.W.2d 525 (1977).

Appellant's second argument is that he was entitled to a separate trial on each indictment. Specifically, he contends that the trial court erred by failing to sever the indictments sua sponte. We have held

that the joinder of offenses under RCr 6.18 and RCr 9.12 is proper where the crimes are closely related in character, circumstances, and time. Such a conviction will be reversed only upon a showing of a clear abuse of discretion and prejudice to the defendant. *Harris v. Commonwealth*, Ky., 556 S.W.2d 669 (1977). Despite the large number of crimes charged in these two indictments, we fail to see that appellant suffered any prejudice in being tried for all the offenses in one proceeding.

Appellant next argues that he was substantially prejudiced by improper comments made by the prosecutor during closing argument. The record reflects, however, that appellant objected only once to the remarks made by the Commonwealth's Attorney and the trial judge properly admonished the jury. We fail to see how prejudice could have arisen from the trial court's ruling in appellant's favor.

Appellant's fourth argument is that the cumulative effect of the alleged errors at his trial denied him due process of law. On the contrary the evidence against appellant was overwhelming and the record reflects that the trial judge was diligent in seeing that appellant received a fair trial.

We find merit in appellant's final argument. He contends that he was improperly convicted on the four counts of kidnapping involving Becky Lucas, Charles Hilton, Garland Myers, and Kathy Myers. He bases this position on the grounds that the interference with their liberty occurred incidental to the robberies and hence the exemption statute, KRS 509.050, should apply. This statute provides:

A person may not be convicted of unlawful imprisonment in the first degree, unlawful imprisonment in the second degree, or kidnapping when his criminal purpose is the commission of an offense defined outside this chapter and his interference with the victim's liberty occurs immediately with and incidental to the commission of that offense, unless the interference exceeds that which is ordinarily incident to commission of the offense which is the objective of his criminal purpose. . . .

Three requirements must be met before the exemption statute will apply. First, it must be determined whether the defendant's criminal purpose was the commission of a criminal offense defined outside Chapter 509. Secondly, it must be determined whether the interference with liberty occurred with and incidental to the commission of that offense. Finally, it must be determined whether such interference was of the type normally incidental to the commission of that offense. *Griffin v. Commonwealth*, Ky., 576 S.W.2d 514 (1978).

We believe that appellant has failed to satisfy the test regarding the kidnappings of Becky Lucas and the Myerses. The acts of tying them up, moving them from one apartment to another, and using Ms. Lucas to get into two other apartments precludes application of the statute. The restraint on their liberty went far beyond that which was necessary to carry out the robberies. It would be a mockery to broaden our interpretation of the statute. *See Timmons v. Commonwealth*, Ky., 555 S.W.2d 234 (1977).

The restraint placed on Charles Hilton, on the other hand, presents a different situation. As previously stated Hilton was tied up while his brother and mother were robbed. If anything this was merely an unlawful imprisonment. Even though no other offense was committed against Charles, the restraint on his liberty occurred with and was incidental to the robbery of the Hilton apartment.

To the extent that the judgment finds appellant guilty of the kidnapping of Charles Hilton, it is reversed with directions that this charge be dismissed. In all other respects the judgment is affirmed.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY, STEPHENSON and STERNBERG, JJ., sitting.

All concur.