**Gregory Keith KOHLHEIM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 10, 1981.

Jack Emory Farley, Public Advocate, Frankfort, Karen L. Jones, Lexington, for appellant.

Steven L. Beshear, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HOGGE and WILHOIT, JJ.

HOGGE, Judge.

Gregory Keith Kohlheim appeals from a judgment of the McCracken Circuit Court in which he was convicted of second degree manslaughter and assault under extreme emotional disturbance. He was sentenced to an eight year term and a one year term, to run concurrently. Kohlheim shot and killed Pam Felker, and wounded Anna Taylor just outside the Ebony Club in Paducah, Kentucky. He contends that the trial court erred to his substantial prejudice by failing to properly instruct the jury on his defense of self-protection.

The facts from which this case arose occurred on the evening of January 10, 1980. An argument took place between Anna Taylor and the appellant outside the Ebony Club. According to Mrs. Taylor's testimony, the two had prior disagreements and a judge had told appellant to stay away from her. Captain Robert Patterson of the Paducah Police Department was driving by. He noticed the loud quarrel and stopped. While he was questioning appellant and Anna Taylor, Anna slapped the appellant. Captain Patterson charged Anna Taylor with disorderly conduct and took her to the county jail. Patterson then told the appellant to go home. Instead, the appellant came to the jail and inquired about getting Anna Taylor out on bond. Captain Patterson told appellant that he did not intend to hold Anna, but just was going to give her a citation. He then cited appellant also. Both Anna Taylor and the appellant were advised to go home, and Officer Dodd advised appellant to stay away from Anna Taylor.

Mrs. Taylor testified that she then returned to the Club with her friend Pam Felker to get her purse. Appellant came and knocked on the door, asking for Anna Taylor. When Mrs. Taylor came to the door, she was pulled outside and Pam Felker went outside also. After a few words were said, appellant raised his hand, and Anna Taylor started shooting at him. She did not know how many time she fired. Anna Taylor testified that Pam Felker took the gun from her and threw it away. Pam then went to see if appellant was hurt, and found that he had been shot in the arm. Appellant then began asking for a ride to the hospital. There was some discussion, as Anna Taylor did not want to get in a car with the appellant. The appellant then went back around the building. Anna Taylor knocked on the door of the Ebony Club, trying to get in, but the proprietor, having heard gunfire, was unwilling to open the door.

The appellant testified that Anna had been shooting at him; that he was afraid he was in danger. He went around the building to get his gun, came back and fired it. The appellant testified that Anna Taylor still had the gun and he was attempting to shoot over her head. However, according to Detective Tucker, in an earlier confession, he had stated that he saw Pam wrestle the gun away from Anna Taylor. Anna Taylor testified that the gun had been dropped by the side of the building earlier and she was unarmed. The shots fired from appellant's gun killed Pam Felker and seriously injured Anna Taylor.

The first issue raised by appellant's brief is whether the trial court erred in refusing to give an instruction on self-protection as a defense in regard to those offenses where the culpable mental state was wanton or reckless. The statute on use of physical force in self-protection is KRS 503.050, which reads as follows:

(1) The use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person.

(2) The use of deadly physical force by a defendant upon another person is justifiable under subsection (1) only when the defendant believes that such force is necessary to protect himself against death, serious physical injury, kidnapping, or sexual intercourse compelled by force or threat.

With regard to the availability of the defense of self-protection, KRS 503.120 states:

(1) When the defendant believes that the use of force upon or toward the person of another is necessary for any of the purposes for which such belief would establish a justification under KRS 503.050 to 503.110 but the defendant is wanton or reckless in believing the use of any force, or the degree of force used, to be necessary or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of his use of force, *the justification* afforded by those sections *is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.*

(2) When the defendant is justified under KRS 503.050 to 503.110 in using force upon or toward the person of another, but he wantonly or recklessly injures or creates a risk of injury to innocent persons *the justification* afforded by those sections *is unavailable in a prosecution for an offense involving wantonness or recklessness toward innocent persons.* (Emphasis added)

In this case appellant contends that the trial court should have given self-protection instructions as a defense to the shooting death of Pam Felker and the assault upon Anna Taylor, even where the offenses involved a wanton or reckless state of mind. In support of his theory he cites *Justice v. Commonwealth*, Ky.App., 608 S.W.2d 74 (1980). We do not feel that *Justice* supports appellant's contention, for the reason that nowhere in the opinion in *Justice* is the effect of KRS 503.120 raised or considered. Thus *Justice* cannot be relied upon for an interpretation of KRS 503.120 as applied to this case.

The court gave the self-protection instruction in the first degree manslaughter charge but excluded it in the second degree manslaughter charge and reckless homicide on the basis of the language in KRS 503.-120(2). We find that the plain meaning of KRS 503.120(2), as it pertains to KRS 503.-050 to KRS 503.110, requires us to construe it to mean that the justification afforded by these latter sections is unavailable when he wantonly or recklessly injures or creates a risk of injury to *innocent persons*. It is not disputed that Pam Felker was an *innocent person* at the time of the fatal shooting.

In examining the instructions as to the assault on Anna Taylor, we must look at the first subsection of KRS 503.120. In that subsection the availability of an instruction on self-protection is not dependent on whether the action itself is wanton or reckless but rather on whether the defendant is wanton or reckless in believing the use of any force, or the degree of force used to be necessary, or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of his use of force. Thus the matter of whether the defendant is entitled to the defense of self-protection must be submitted to a jury. KRS 503.120. *See also Palmore, Kentucky Instructions to Juries* § 2.11. We conclude that the trial court acted properly in omitting instructions on self-protection as to those offenses involving wantonness and recklessness in connection with the shooting of Pam Falker, in view of the wording of KRS 503.120(2). However, we hold that the trial court erred in omitting instructions on self-protection as to those offenses involving wantonness or recklessness in regard to the assault on Anna Taylor, in view of KRS 503.120(1). Of course the jury should be instructed as to the unavailability of self-protection as a justification for any offense for which wantonness or recklessness form the requisite culpability if it finds from the evidence that the appellant's belief in the need for physical force was itself wanton or reckless.

The next issue in this case is whether Instruction Number Eleven was improper in that it failed to reflect the evidence as to provocation and failed to include appellant's privilege of self-protection as to the unintentional shooting death of Pam Felker. As to the alleged failure of Instruction Eleven to include the privilege of self-protection as to the death of Pam Felker, we note that other instructions set forth the appellant's rights as to the defense of self-protection in regard to the shooting of Miss Felker. It is a well-recognized principle of law that instructions must be read and considered in their entirety, *Underwood v. Commonwealth*, Ky., 390 S.W.2d 635 (1965); *Carson v. Commonwealth*, Ky., 382 S.W.2d 85 (1964) cert. den. 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825, and therefore we find no error.

As to appellant's contention regarding failure of Instruction Eleven to reflect the evidence as to provocation, he argues that the instruction was improper in regard to separating the initial aggression of Anna Taylor from the use of physical force by the appellant, as the incident was clearly continuous. The instruction given read as follows:

> If at the time the defendant shot Anna "Nell" Taylor (if he did so) he believed that Anna "Nell" Taylor was then and there about to use physical force upon him, he was privileged to use such physical force against Anna "Nell" Taylor as he believed to be necessary in order to protect himself from it, but including the right to use deadly physical force in so doing only if he believed it was necessary in order to protect himself from death or serious physical injury at the hands of Anna "Nell" Taylor. Provided however, that if you believe beyond a reasonable doubt that the defendant renewed the altercation after Anna "Nell" Taylor had abandoned her threat of physical force upon the defendant then the defendant was not privileged to use physical force upon Anna "Nell" Taylor, or upon Pam Felker.

In examining the record, we find several versions of the events leading up to the shooting of Pam Felker and Anna Taylor,

including that given by appellant, by Anna Taylor, by persons in the Ebony Club, and by appellant's statements to police. The evidence is conflicting as to whether Anna Taylor had abandoned the affray by discarding her gun, whether appellant of his own volition renewed it, and how much time elapsed between the moment Anna Taylor fired at appellant, and the moment he fired at Anna and Pam. It is the duty of a court to give instructions applicable to every state of the case deducible from, or supported by testimony. *Parker v. Commonwealth*, Ky., 279 S.W.2d 1 (1955); *Kelly v. Commonwealth*, Ky., 267 S.W.2d 536 (1954). In view of the conflicting evidence as to the facts, the court acted properly in submitting the question to the jury. *Satterly v. Commonwealth*, Ky., 437 S.W.2d 929 (1968). We believe that the instruction was supported by the evidence, and was appropriate under *Stepp v. Commonwealth*, Ky., 608 S.W.2d 371 (1980).

Appellant contends that even if there was sufficient evidence to support a qualified instruction in regard to provocation, there should be an instruction explaining to the jury just how or by what means the accused provoked or brought on the difficulty. *Lawson v. Commonwealth*, 309 Ky. 458, 218 S.W.2d 41 (1949). We note that the *Lawson* case was decided prior to the enactment of the Penal Code statutes applicable to this case. We believe that the instructions given were proper and that there is no merit in the appellant's contention.

The judgment of the McCracken Circuit Court is affirmed as to appellant's conviction for second degree manslaughter as a result of the death of Pam Felker. It is reversed as to his conviction for assault under extreme emotional disturbance in regard to the shooting of Anna Taylor, and the case is remanded for a new trial under proper instructions.

All concur.