Franklin E. SHANNON, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 86–SC–1015–MR.

Supreme Court of Kentucky.

Dec. 15, 1988.

Rehearing Denied May 4, 1989.

Larry H. Marshall, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., John Gillig, Asst. Atty. Gen., Frankfort, for appellee.

LEIBSON, Justice.

The appellant was convicted of the offense of wanton murder and sentenced to confinement for a period of 20 years.

The principal question on appeal is whether the wanton murder instruction should have been qualified by the defense of self-protection. The appellant was also denied the defense of self-protection in the instructions on Manslaughter II (wanton homicide) and Reckless Homicide, but he makes no special point of this in his Brief.

The appellant admitted that he shot and killed Shirley Porter. He claimed that he did so in self-defense, and that just immediately prior to the shooting, he and Shirley Porter had been arguing; that he was seated at a table with his head bent forward resting upon his arms; that there was a pistol on the table; that the deceased was drunk and had threatened to kill him; that she approached from the rear with a knife drawn back ready to strike; and that he jumped up and shot her to protect himself.

In his Brief the appellant has presented arguments inherently contradictory.

On the one hand he argues that he could not be convicted of wanton murder, that his state of mind must be classified as intentional because he "admitted the shooting" and then "attempted to justify it on the grounds of self-protection." He supports this with quotes from *Gray v. Commonwealth*, Ky., 695 S.W.2d 860, 861 (1985), that in this posture "[t]here is no evidence whatever that his actions were anything other than intentional"; and from *Baker v. Commonwealth*, Ky., 677 S.W.2d 876, 879 (1984), that "[w]e cannot escape the fact

that an act claimed to be done in self defense is an intentional act."

On the other hand, the appellant did not move for a directed verdict on the charge of wanton murder, nor did he object to an instruction on this offense. Indeed, he requested such an instruction. His argument at trial was only that the wanton murder instruction should include self-defense as a justification. The trial court overruled this request, taking the position that "there is a basic inconsistency to include a definition of self-defense with Wanton Conduct." So the appellant's second argument on this appeal, contrary to his claim the evidence is insufficient to convict of wanton murder, is the instruction as given without a self-defense qualification was erroneous.

◼ At the close of proof the appellant moved for a directed verdict on all counts, seeking a judgment of acquittal as to the entire range of criminal homicide. His stated grounds were that his evidence that he killed in self-defense was conclusive. However, his evidence on self-defense was far from conclusive and this is not his argument on appeal. There was ample evidence to find the defendant guilty of one or the other of the various aspects of criminal homicide. He was not entitled to a directed verdict of not guilty. To preserve the claim that the charge as submitted should not have included an instruction on the wanton murder theory, he was required to specifically object to the giving of an instruction on that charge. A general motion for acquittal on all counts is "insufficient to apprise the trial court of the precise nature of the objection." *Seay v. Commonwealth*, Ky., 609 S.W.2d 128, 130 (1981):

> "The proper procedure for challenging the sufficiency of evidence on one specific count is an objection to the giving of an instruction on that charge." *Id.*

Because the appellant desired an instruction on wanton murder and did not object to it, the question whether the murder instructions should have been limited only to intentional murder is not preserved for appeal and will not be decided here.

Nevertheless, because the appellant specifically requested that the instruction on wanton murder, and the instructions on Manslaughter II (wanton homicide) and Reckless Homicide as well, should include the defense of self-protection, once again we are confronted with the legal dilemma involving the relationship between self-defense and homicide offenses charging wanton or reckless conduct. We are cognizant of the ebb and flow of decisions on this point. Starting with *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980), followed by *Baker v. Commonwealth*, Ky., 677 S.W.2d 876 (1984), *Gray v. Commonwealth*, Ky., 695 S.W.2d 860 (1985), and *Commonwealth v. Rose*, Ky., 725 S.W.2d 588 (1987), we have struggled with the problem involved in trying to analyze and reconcile the relationship between the claim of self-defense and the various classifications of criminal homicide defined in Kentucky's Penal Code, KRS Chapter 507. The problem is exacerbated by statements in two cases peripherally involved, *Kohlheim v. Commonwealth*, Ky.App., 618 S.W.2d 591 (1981) and *Thompson v. Commonwealth*, Ky., 652 S.W.2d 78 (1983), seeming to approve the use of a qualification based on self-defense in instructions covering offenses based on wantonness or recklessness.

We must go back to basics to address the confusion in this area. The background for understanding the structure of Kentucky's Penal Code covering criminal homicide is provided in a law review article by William S. Cooper and Robert G. Lawson, *Self-Defense in Kentucky: A Need for Clarification or Revision*, 76 Ky.L.J. 167, 174–79 (1987–88). We note that Professor Lawson was instrumental in drafting the Kentucky Penal Code. The article advises that the "drafters of the Penal Code" addressed "classification for purposes of penalty of at least five types of homicide," including ("the fourth type") the situation where "the offender intends to kill, but he acts under a threat of death or serious bodily injury that is both erroneously perceived and so imprudently held that no reasonably cautious person would act in self-protection. The culpability of the offender is

contained in the risk of unnecessary killing which he either consciously disregards or fails to perceive." *Id.* at 175. Prior to the enactment of the Penal Code the claim of self-protection was not a defense unless under the circumstances it was objectively reasonable. *See, e.g., Brown v. Commonwealth,* 308 Ky. 486, 214 S.W.2d 1018 (1948). The Cooper and Lawson article explains:

"[T]he drafters of the Code came firmly to believe that a wide difference exists in the moral blameworthiness of *first*-type offenders [murder] and *fourth*-type offenders [wanton or reckless in perceiving the need for self-protection].... The drafters decided to eliminate the possibility of a murder conviction when the offender has an honest but an unreasonable belief in the need for self-protection.... Once this decision was made, however, the drafters of the Code addressed a question of much greater difficulty. What is an appropriate penalty classification for the *fourth* type of homicide since a murder conviction no longer would be possible?" 76 Ky.L.J. at 176.

The article explains that the solution selected was to assign to this type of offender the penalty for manslaughter in the second-degree, which otherwise applies to a criminal homicide where one "wantonly causes the death of another person," or the penalty for reckless homicide, which otherwise applies to the offender "when, with recklessness he causes the death of another person," depending on the circumstances. This was *not* because the act (which was intentional) fit the classification, but because the *belief* in the need for self-protection was wanton or reckless. Appropriate "Erroneous Belief" instructions to effect this classification were prepared and included in Palmore and Lawson's *Kentucky Instructions to Juries,* Vol. I, §§ 10.25 and 10.26. Palmore's Comment (p. 370) states:

"While excusing an intentional assault (or homicide) on the ground of self-defense, it [the instruction] would at the same time permit a conviction of wanton or reckless assault (or homicide)."

Thus, to cover killings culpable in nature because the offender wantonly or recklessly acted in self-defense, the Penal Code classified these offenders for penalty with Manslaughter II or Reckless Homicide. It accomplished this end by providing in KRS 503.120 "the justification afforded by those sections [covering self-protection and similar justification] is *unavailable* in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability."

The problem with *Baker* and *Gray* is that reason and history[1] supports the premise that "[w]e cannot escape the fact that an act claimed to be done in self defense is an intentional act." *Baker, supra* at 879. But this premise, albeit correct, has led us to conclude, mistakenly, that because "self-defense is an intentional act," this excludes conviction for Manslaughter II or Reckless Homicide, that wantonness or recklessness must characterize the act and not the belief. An *act* cannot be classified as both intentional and wanton or reckless at the same time. But an intentional *act* may be accompanied by a wanton or reckless *belief*, and, indeed, this specifically characterizes the circumstances that exist when a person kills in self-defense, but is wanton or reckless in the belief that his action was justified.

As stated in the article by Cooper and Lawson, *supra,* discussing the "flawed analysis" in *Baker* and *Gray:*

"These statements imply that self-defense belongs exclusively to the realm of intentional crimes. Neither legal authority nor logic supports such a position.

Limiting self-defense to intentional crimes would lead clearly to irrational results....

... Under the Code, a person may wantonly or recklessly cause the death of another through gross carelessness in assessing the need for self-protection and may be guilty of manslaughter in the second degree or reckless homicide even

---

1. *See, e.g., Hemphill v. Commonwealth,* Ky., 379 S.W.2d 223 (1964).

though he acts with an intent to kill. The supreme court's failure to recognize this proposition is more responsible for the self-defense problem that this Special Comment addresses than all other factors combined." 76 Ky.L.J. at 190.

By classifying a killing in self-defense with Manslaughter II or Reckless Homicide, we do not label the act both intentional and wanton or reckless at the same time. We simply say that an intentional killing precipitated by a wanton or reckless belief in the need to kill is less culpable than murder, and shall be classified for punishment as either Manslaughter II or Reckless Homicide, depending on whether the belief was wantonly or recklessly formed.

*Baker* and *Gray* derive from a belief that the three mental states for culpability under the Penal Code, intentional, wanton and reckless, are mutually exclusive. However, such is not the case when dealing with self-defense precipitated by a wanton or recklessly held belief. That is the rational underpinning for KRS 503.120, assigning criminal liability for a killing in unjustified self-defense. The language in the Manslaughter II statute and in the Reckless Homicide statute covers wantonly or recklessly causing the death of another person. But the definitions of "wantonly" and "recklessly" in KRS 501.020 explain those terms apply both to "a result or to a circumstance described by a statute defining an offense." A subjective belief in the need for self-defense, which is objectively wanton or reckless, is a "circumstance" falling within the definition of wanton or reckless behavior, punishable under Manslaughter II or Reckless Homicide, as the case may be.

Why was this not spelled out in the Code by additional statutory language in KRS 507.040 (Manslaughter II) and 507.050 (Reckless Homicide)?

Perhaps because the writers of the Penal Code believed that it was adequately explained in the Commentary, as indeed it is. "If the belief upon which a defendant's use of force is based is so unreasonable as to constitute 'wantonness' or 'recklessness', justification is not available for

offenses having either of these culpable mental states as the essential element of culpability. For example, if a defendant, in killing another, believes himself in danger of death but is wanton in having such a belief, he cannot be convicted of murder. But since manslaughter in the second degree is committed through 'wantonness' and since this subsection denies a defendant justification for such an offense, he can be convicted of this lesser degree of homicide." 1974 Commentary to KRS 503.120.

Perhaps because the structure of the self-defense/diminished culpability provisions in KRS Chapter 503 applies not only to criminal homicide offenses in KRS Chapter 507, but also to Assault and Related Offenses in KRS Chapter 508, and it would be cumbersome to add verbiage to each offense explaining how the general principles in KRS Chapter 503 apply to the various statutory crimes enumerated in Chapters 507 and 508.

Instructions appropriate to cover the claim of self-defense where the circumstances indicate that the need for self-defense, or the degree of force used, was objectively unreasonable, are properly set out in *Blake v. Commonwealth*, Ky., 607 S.W.2d 422 (1980), which was erroneously overruled in *Baker v. Commonwealth, supra*.

*Baker v. Commonwealth, supra,* and *Gray v. Commonwealth, supra,* failed to take into account that wantonness or recklessness may be with regard to a "circumstance" as well as with regard to a "result." They are overruled.

We turn now to a second facet of this problem. Under the Penal Code, wanton murder is a principal offense, the legal equivalent of intentional murder. KRS 507.020(1)(a) and (b). The Commentary to KRS 507.020 states that it is a "formula ... to identify the case where [wantonness] should be assimilated to [intention]." Brackets original. Conduct "manifesting extreme indifference to human life" means conduct inferring a "knowing" or "purposeful" indifference. See discussion in *American Law Institute,* Model Penal

Code and Commentaries, Part II, § 210.2(4) (1980).

The type of situation suitable for a wanton murder instruction is thus illustrated in the Commentary to KRS 507.020:

> "Typical of conduct contemplated for inclusion in 'wanton' murder is: shooting into a crowd, an occupied building or an occupied automobile; placing a time bomb in a public place; or derailing a speeding locomotive."

The ordinary situation involving shooting or stabbing under an erroneous belief in the need for self-defense is not compatible with these illustrations. The Commentary to KRS 503.120 states that "if a defendant, in killing another, believes himself in danger of death but is wanton in having such a belief, he cannot be convicted of murder."

The message from the *Blake* case, from Palmore's instructions, Vol. 1, *Kentucky Instructions to Juries,* and from the Commentary to KRS 503.120, is, where the killing is in self-defense and the evidence shows that the subjective belief in the need for self-defense fails the objective standard of reasonableness, wanton murder is not the alternative. The imperfect justification calls for conviction on the lesser included offense of Manslaughter II or Reckless Homicide because of the wanton or reckless state of mind, but *not* for wanton murder.

This is *not* to say that when an accused claims self-defense, before writing instructions, the judge must make a factual decision classifying the accused's mental state as either intentional or wanton. Even where no wanton murder instruction is given, the instructions will cover the problem occurring when the jury believes the accused's mental state was wanton or reckless by qualifying the self-defense instruction to permit conviction for Manslaughter II, if the belief in the need for self-defense was wanton, and Reckless Homicide, if it was reckless.

There is no place in the structure of the Penal Code for an instruction to find the defendant guilty of wanton murder if the accused acted from an erroneous belief in the need for self-defense. The fact situation calls for an instruction on intentional murder qualified by self-defense. If the belief in the need for self-defense was justified, it is a complete defense. If it is *not* justified, then the accused can properly be convicted of a lesser included offense, either Manslaughter II or Reckless Homicide, depending on the jury's conclusion regarding the accused's state of mind.

Nevertheless, in this case the appellant requested an instruction on wanton murder. As we discussed at the outset, murder is but one offense with two aspects. Putting aside for the moment the overall structure of the Penal Code, it is entirely possible that a jury would view the defendant's mental state as knowing or purposeful indifference adding up to wantonness "manifesting extreme indifference to human life." Since the accused requested that the instructions include wanton murder, and there was ample evidence to convict him of murder, he cannot complain.

■ The trial court was correct in holding that self-defense is not available as a defense to wanton murder. A person may act "wantonly with respect to conduct or to a circumstance." KRS 501.020(3), quoted *supra.* To give an instruction on wanton murder, and then justify it by belief in the need for self-defense, and then say that self-defense does not apply if the accused's belief in the need for self-defense was wanton, is, as the trial judge described it, "a basic inconsistency," and the ultimate in confusion. We would not reverse this case to order such self-contradictory instructions.

For like reasons, the trial court was also correct in refusing to qualify the instructions on Manslaughter II and Reckless Homicide with the element of self-protection. KRS 503.120(1) provides, "the justification afforded by those sections [self-protection] is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability." *Kohlheim v. Commonwealth,* Ky.App., 618 S.W.2d 591 (1981) and *Thompson v. Commonwealth,*

Ky., 652 S.W.2d 78 (1983) are overruled to the extent that they state otherwise.

■ The next argument on behalf of the appellant covers excluding evidence of past acts of violence by the victim, offered to lend credibility to the accused's belief in the need for self-defense. This evidence was of a relatively remote and insubstantial nature. If there was any error in its exclusion, it was not reversible error.

The complaints of prosecutorial misconduct are similarly insubstantial.

The judgment of the trial court is affirmed.

STEPHENS, C.J., GANT, J., and JOHN M. WILLIAMS, Special Justice, concur.

WINTERSHEIMER, J., concurs in results only.

VANCE, J., dissents by separate opinion in which LAMBERT, J., joins.

VANCE, Justice, dissenting.

The basic fault with the majority opinion lies in its conclusion that an intentional homicide (one committed with an intent to cause death) can become a wanton or reckless homicide if the act was precipitated by an unreasonable belief in the necessity for self-defense.

There are four degrees of homicide set forth in the Kentucky Statutes. They are murder (K.R.S. 507.020), manslaughter in the first degree (K.R.S. 507.030), manslaughter in the second degree (K.R.S. 507.-040), and reckless homicide (K.R.S. 507.-050). Only two of the classifications of homicide contain the intent to cause death as an element of the crime. They are intentional murder (K.R.S. 507.020(1)(a)), and first-degree manslaughter (K.R.S. 507.-030(1)(b)). Culpability for all other classifications of homicide rests not upon intent to cause death but upon a wanton or reckless mental state even though there was no specific intent to cause death.

A person acts intentionally with respect to a result or the conduct described by a statute defining an offense when his specific objective is to cause that result or to engage in that conduct. K.R.S. 501.020(1).

A person acts wantonly when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. K.R.S. 501.020(3).

A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he fails to observe a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that the failure to observe it constitutes such a gross deviation from the standard of care that a reasonable person would observe in the situation. K.R.S. 501.020(4).

All forms of homicide either (1) involve a conscious intent to cause death, or (2) absent such a conscious intent involve such wantonness or recklessness as to be considered culpable. If a homicide is intentional in that death was the conscious objective of the actor, it cannot be a wanton or a reckless homicide, and by the same token, to constitute a wanton or a reckless homicide it must lack the element of specific intent to cause death. It is the intent to cause death rather than the nature of the act or the circumstances surrounding it which distinguishes an intentional homicide from a wanton one.

This element of intent to cause death, or the lack of it, has created serious problems in the statutes enacted by the General Assembly relating to self-defense. K.R.S. 503.050 provides that the use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful force by the other person. The use of deadly force is justifiable only when the defendant believes that such deadly force is necessary to protect himself against death, serious physical injury, kidnapping, or sexual intercourse compelled

by force or threat. This statute creates a purely subjective test. Under previously existing law, a belief in the necessity for self-protection had to be a reasonable belief to constitute a defense. Under this statute, a bonafide belief in the necessity for self-protection, whether reasonable or not, is a complete defense to intentional homicide.

However, unless the belief in the necessity for self-defense is reasonable, the defense of self-protection is not available in offenses for which wantonness or recklessness suffice to establish culpability. K.R.S. 503.120. This simply means that a belief in the necessity of self-protection is not available as a defense for a wanton murder, second-degree manslaughter, or reckless homicide unless it is a reasonable belief.

K.R.S. 503.120 does not provide that one who kills another under a belief that it is necessary to do so to protect himself is guilty of second-degree manslaughter if the belief is unreasonable. It only provides that an unreasonable belief in the necessity to protect oneself is not available as a defense to wanton murder, second-degree manslaughter, or reckless homicide.

The problem is created by the fact that if an intent to cause death is present, the homicide constitutes intentional murder, or first-degree manslaughter, as the case may be. Wantonness or recklessness is not the mental state sufficient to establish culpability for either of those crimes. The defense of self-protection, therefore, has no limitations as to reasonableness in cases of intentional homicide because the requirement of reasonableness applies only in cases where wantonness or recklessness, rather than intent, establishes culpability.

Thus, where death is the intended result, an honest belief in the necessity for self-defense, whether reasonable or not, precludes a conviction for intentional murder and because death was intended, there is no basis for conviction under a wanton or a reckless homicide. The limitation upon the availability of self-defense set forth in K.R.S. 503.120 is simply not available in a case of intentional homicide. The result of this is that if a jury is convinced that a defendant actually believed it was necessary to act as he did to protect himself, even though that belief was unreasonable, he is in a better position if the jury is also convinced that he intended to cause the death of the victim because in that case his subjective belief in the necessity for self-defense is a complete defense regardless of whether the belief was reasonable under the circumstances. But if the homicide is wanton rather than intentional, his subjective belief in the necessity to defend himself is not available as a defense unless the belief is reasonable under the circumstances. This situation is the inevitable result of the action of the General Assembly in providing that a subjective belief in the necessity of self-defense is a complete defense to intentional murder, whether reasonable or not, but is not available as a defense to claims where wantonness or recklessness suffices as the culpable mental state unless the belief is reasonable under the circumstances.

This court, in my opinion, properly construed K.R.S. 503.120 in *Baker v. Commonwealth*, Ky., 677 S.W.2d 876 (1984) and *Gray v. Commonwealth*, Ky., 695 S.W.2d 860 (1985). Those cases involved homicides under a claim of self-defense which were held to be intentional homicides and did not justify an instruction on wanton or reckless homicide. In those cases, the act of shooting was admittedly intentional, and there was no claim that the defendant did not intend to cause death. The opinions, therefore, did not dispose of a case where the act of shooting was intentional but which presented a claim that the defendant did not intend to cause the death of the victim.

Such a case was presented in *Commonwealth v. Rose*, Ky., 725 S.W.2d 588 (1987), in which we upheld a conviction of wanton homicide (second-degree manslaughter) where the defendant shot her husband under a claim of self-defense (an intentional act) but also claimed that she did not intend to cause his death.

An instruction on wanton homicide in that case was proper because a jury was entitled to believe that she did not intend to kill, and the homicide was therefore not

intentional, but nevertheless, her actions created a substantial risk of death of which she was aware and consciously disregarded (therefore wanton).

We recognized in *Baker* and *Gray* that the drafters of the commentary intended that a person who kills another under an honest, but nevertheless, unreasonable belief in the necessity for self-protection should be acquitted of intentional murder but should be subject to conviction for second-degree manslaughter. We held that the General Assembly simply failed to amend K.R.S. 507.040 to provide that a person is also guilty of second-degree manslaughter when he causes the death of another person by the use of force which he believes is necessary to protect himself against death, serious physical injury, kidnapping, or sexual intercourse compelled by force or threat, under circumstances which would render such a belief unreasonable.

In *Baker*, 677 S.W.2d at 879–880 we said:

"There seems to be little doubt that the drafters of the commentary had in mind that a defendant who kills another believing, but without reason to so believe, that his use of force was necessary to protect himself should not be convicted of murder but that he nevertheless should be subject to prosecution for the lesser offenses of manslaughter in the second degree or reckless homicide.

"The general assembly did not provide, however, for the inclusion of an intentional offense within the definition of reckless homicide. We cannot escape the fact that an act claimed to be done in self defense is an intentional act. It is not a 'reckless' act as that term is defined by statute.

"To reach the result sought by appellant, we would have to redefine the crime of reckless homicide by adding another section to K.R.S. 507.050 so as to provide that a person is guilty of reckless homicide (1) when, with recklessness he causes the death of another person, or (2) when he causes the death of another person by the use of force which he believes necessary to protect himself

against death, serious physical injury, kidnapping, or sexual intercourse compelled by force or threat under circumstances which would render such a belief unreasonable.

"The enactment of a statute defining the elements of a crime is a legislative matter, and this court is without authority to add additional substantive provisions to a statute as enacted.

"Statutes which create criminal offenses should do so in express terms and criminal liability should not rest upon implication or inference as to what the General Assembly intended but did not expressly state."

The citation of the majority to the commentary and to the intention of the drafters of the commentary is correct. It also was recognized by our opinions in *Baker* and *Gray*. The difficulty is that the General Assembly did not amend K.R.S. 507.040 to incorporate the intentions set forth in the commentary.

The commentary is not the law of the Commonwealth. It becomes so, however, when this court in the majority opinion states:

"We simply say that the intentional killing precipitated by a wanton or reckless belief in the need to kill is less culpable than murder, and shall be classified for punishment as either Manslaughter II or Reckless Homicide depending on whether the belief was wantonly or recklessly formed."

The fact that "we" say this when the legislature has not said it simply amounts to an amendment of K.R.S. 507.040 and K.R.S. 507.050 by this court. I cannot condone this type of judicial activism even though it brings about a result which, in my opinion, is better for the Commonwealth than that which results from K.R.S. 507.040 and K.R.S. 507.050 without such a judicial amendment. The mere fact that this court thinks that a statute would be better if it were worded differently does not empower us to rewrite it.

The majority speculates as to the reasons the General Assembly did not spell out in the penal code by additional language the intent expressed in the commentary.

**556**

Perhaps, it conjectures, the writers of the penal code believed it was adequately explained in the commentary. Indeed, the commentary does state what was intended, but the commentary is not law and does not suffice to amend the statute.

Perhaps, the majority says, it would be cumbersome to add verbiage to the statutes which create each offense. Indeed, it might be, but criminal laws which can deprive a citizen of his liberty should precisely spell out the elements of an offense and not leave him subject to confinement on the basis of what the drafters of the commentary intended, but which the General Assembly never enacted into law.

It is equally likely, I think, that the consequences of the failure to amend the statute to incorporate the intention expressed by the commentary was simply overlooked.

The majority opinion holds that the trial court was correct in holding that self-defense is not available as a defense to wanton murder and was also correct in refusing to qualify the instructions on manslaughter II and reckless homicide with the element of self-protection. It cites K.R.S. 503.120(1) as providing:

"The justification afforded by those sections [self-protection] is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffice to establish culpability."

This quotation in the majority opinion sets forth only a portion of the statute which reads in full as follows:

"When the defendant believes that the use of force upon or toward the person of another is necessary for any of the purposes for which such belief would establish a justification under KRS 503.-050 to 503.110 but the defendant is wanton or reckless in believing the use of any force, or the degree of force used, to be necessary or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of his use of force, the justification afforded by those sections is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability."

The clear import of the full section is not that self-defense is unavailable in a prosecution for which wantonness or recklessness suffice to establish culpability but that self-defense is not available as a defense in such cases only where the belief in the necessity for self-protection is unreasonable.

The result of the majority holding is that a defendant is never entitled to an instruction on self-protection as a defense to wanton murder, second-degree manslaughter, or reckless homicide. In so holding, the majority overrules previous holdings to the contrary in *Kohlheim v. Commonwealth*, Ky.App., 618 S.W.2d 591 (1981), and *Thompson v. Commonwealth*, Ky., 652 S.W.2d 78 (1983).

The facts of the case under consideration demonstrate the fallacy of the majority opinion. The appellant shot and killed the victim who was approaching close to him from the rear with a knife drawn as if to stab him. The victim was intoxicated and had previously threatened the appellant. He said he feared for his life and wanted only to protect himself. The jury was instructed on both intentional murder and wanton murder. It found appellant guilty of wanton murder.

The jury, under these circumstances, could reasonably believe that the appellant did not have an express intent to kill the victim but shot her simply to stop her assault upon him. In that case the appellant should not be, and was not, convicted of intentional murder.

The jury could reasonably believe, and must have so believed, that although there was no intent to kill, the appellant nevertheless acted wantonly in that he was fully aware of and consciously disregarded a substantial risk that death would result from his actions which demonstrated an extreme indifference to the life of the victim. Therefore, a basis for conviction of wanton murder existed if the risk of death was unjustifiable.

A belief in the necessity for self-protection, whether reasonable or not, is justification for intentional murder, but pursuant to K.R.S. 503.120 such a belief is not justifica-

tion for a wanton homicide if it is an unreasonable belief. The General Assembly did not completely exclude self-protection as a defense to wanton crimes, but excluded it as a defense in cases where the belief in the necessity for self-defense is unreasonable.

In the case under consideration, the jury may well have believed that the appellant was justified and reasonable in his belief that the victim was about to stab him and that his life was in imminent danger. Because the wanton murder instruction contained no provision for self-protection, the jury was precluded from considering that defense.

In my view, in homicide cases where the defense of self-protection is asserted, the courts should instruct upon such of the substantive offenses of intentional murder, wanton murder, first-degree manslaughter, second-degree manslaughter, and reckless homicide as is warranted by the evidence. A self-defense instruction should be given which makes it clear that as to the substantive charges which require an intentional mental state, a bonafide belief in the necessity of self-protection is a complete defense pursuant to K.R.S. 503.050 but that as to offenses which are based upon a wanton or reckless mental state, a bonafide belief in the necessity of self-protection is not available as a defense unless it is a reasonable belief. K.R.S. 503.120.

Because the appellant had no opportunity to rely upon a reasonable belief in the necessity to act as he did for his own self-protection as a defense to the charge of wanton murder, I would reverse the conviction.

The decisions in *Baker v. Commonwealth, Gray v. Commonwealth, Kohlheim v. Commonwealth,* and *Thompson v. Commonwealth, supra,* are all of recent vintage. I would not so lightly overrule them.

LAMBERT, J., joins in this dissent.