RENDERED: FEBRUARY 18, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1404-MR

WALTER SACCHET                                           APPELLANT

                 APPEAL FROM FAYETTE CIRCUIT COURT
v.                HONORABLE JOHN E. REYNOLDS, JUDGE
                     ACTION NO. 92-CR-00793

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: Walter Sacchet (*pro se*) appeals from the Fayette

Circuit Court's denial of his motion to either modify his sentence, or restructure his

conviction and sentence pursuant to Kentucky Rules of Civil Procedure (CR)

60.02, Kentucky Rules of Criminal Procedure (RCr) 10.26, and Kentucky Revised

Statutes (KRS) 532.070(1). We affirm as Sacchet's arguments are both foreclosed

by the decisions in his prior appeals and otherwise do not present errors of law.

In 1992, and in front of multiple witnesses, Sacchet stabbed Charles Semones, Jr. in the chest with a knife and fled the scene. The knife used by Sacchet nicked Semones's left lung and entered his heart causing a lethal hemorrhage. In 1993, Sacchet was found guilty of the wanton murder of Semones by a jury in Fayette County and on April 5, 1993, was sentenced to life in prison by the trial court in accordance with the jury's recommendation.

Sacchet's subsequent motion for judgment notwithstanding the verdict and alternatively for a new trial was denied. He filed a direct appeal to the Kentucky Supreme Court arguing that the trial court had improperly refused to strike a juror for cause. The Supreme Court affirmed the judgment and sentence on December 22, 1993, in *Sacchet v. Commonwealth*, No. 1993-SC-0268-MR (Ky. 1993) (unpublished).

In 1995, Sacchet filed a motion to vacate his judgment pursuant to RCr 11.42 alleging ineffective assistance of counsel particularly with regard to his counsel failing to object to the jury instructions presented at his trial. The Fayette Circuit Court denied the motion and Sacchet appealed. This Court affirmed in combined opinion dated October 3, 1997. *Sacchet v. Commonwealth*, Nos. 1995-CA-3030-MR and 1996-CA-1669-MR[1] (Ky.App. 1997) (unpublished) (*Sacchet I*).

---

[1] Appeal No. 1996-CA-001669-MR concerns the trial court's denying Sacchet's subsequent motion for findings of fact and conclusions of law following the denial of his RCr 11.42 motion.

That opinion addressed each of the sixteen grounds upon which Sacchet asserted his counsel was ineffective and found no cause to reverse the verdict or sentence.

Most importantly for purposes of this appeal, Sacchet had alleged two specific errors which were addressed by this Court. First, that his counsel should have objected to the wanton murder instruction given at his trial, arguing that there was only evidence of an intentional act, and no evidence that he acted "under circumstances manifesting extreme indifference to human life" pursuant to KRS 507.020(1)(b). This Court found that:

> In this case, there was evidence presented that Sacchet was wielding a knife with a 5-inch blade while swinging and hitting at Semones. As in *Harris* [*v. Commonwealth*, 793 S.W.2d 802 (Ky. 1991)] and *Carwile* [*v. Commonwealth*, 656 S.W.2d 722 (Ky. 1983)], there was evidence in this case that "under circumstances manifesting extreme indifference to human life," Sacchet wantonly engaged in conduct, that created a grave risk of death and thereby caused Semones' death. The trial court correctly instructed the jury on wanton murder.

*Sacchet I*, at *7.

Second, Sacchet asserted that his counsel should have objected to his self-defense instruction being placed after the wanton murder portion of the murder instruction instead of after the intentional murder portion of the murder instruction. With regard to that assignment of error, this Court stated:

> In *Shannon v. Commonwealth*, Ky., 767 S.W.2d 548, 552 (1988), the Supreme Court stated that self-defense is not available as a defense to wanton murder. However, in the instant case, we conclude that Sacchet was not

prejudiced by this error because the jury actually had to determine that he was not justified by self-defense before they could find him guilty of wanton murder. Sacchet received this defense to a wanton murder charge when he was not entitled to it and it only inured to his benefit.

*Id.* at *8.

Sacchet sought discretionary review of this decision and was denied by the Kentucky Supreme Court on May 13, 1998. *Sacchet v. Commonwealth*, No. 1997-SC-0884-D (Ky. 1998) (unpublished).

On January 28, 1999, Sacchet next filed a petition for writ of *habeas corpus* with the United States District Court for the Eastern District of Kentucky which was denied on May 25, 2001. *Sacchet v. Commonwealth*, 5:99-CV-00104-KSF-JBT (E.D. Ky. May 25, 2001) (unpublished). This denial was appealed and the Sixth Circuit of the United States Court of Appeals denied issuance of a certificate of appealability.

In 2017, Sacchet filed a motion with the trial court styled as a "motion for sentence modification pursuant to KRS 532.070, or in the alternative, for conviction and sentence reduction" arguing that the term "wanton" as used within our statute is impermissibly vague. The trial court interpreted Sacchet's motion as an RCr 11.42 motion and, on August 21, 2017, denied him relief further noting that the motion was successive. Sacchet appealed to the Court of Appeals but that appeal was dismissed as untimely. *Sacchet v. Commonwealth*, No. 2018-CA-

0497-MR (Ky.App. 2018) (unpublished). He then made motion for a belated appeal which was denied by this Court on July 12, 2018. Following the denial, Sacchet made a motion for discretionary review which was denied by the Kentucky Supreme Court on October 26, 2018. *Sacchet v. Commonwealth*, No. 2018-SC-0477-D (Ky. 2018) (unpublished).

On July 15, 2019, Sacchet again put forward a motion to the trial court pursuant to CR 60.02. He again argued that his jury instructions regarding the wantonness of his actions were erroneous. That motion was again denied by the trial court in an order entered on August 19, 2019. This appeal followed.

On appeal, Sacchet argues that instructing the jury on wantonness violated his due process rights insofar as his "act was not foreseeable" and he was not "indifferent to who the victim was." By his logic, and by his own version of facts, wanton murder was not an appropriate charge because he was provoked, acted in self-defense, and KRS 507.020(1)(b) does not apply to cases of provocation. Lastly, Sacchet argues that since he was voluntarily intoxicated, he could not have the requisite *mens rea* to support a conviction of wanton murder and/or the wantonness instruction deprived him of his intoxication defense. In sum, these errors are alleged to present a manifest injustice entitling Sacchet to relief pursuant to RCr 10.26.

We review the denial of CR 60.02 motions for abuse of discretion. *Richardson v. Brunner*, 327 S.W.2d 572, 574 (Ky. 1959). Here, the questions of law presented require a *de novo*, instead of a deferential, standard of review. *Cincinnati Insurance v. Motorists Mutual Insurance Co.*, 306 S.W.3d 69, 72 (Ky. 2010).

At the outset of this Opinion we must address certain significant procedural issues. The first issue is that under the law of the case doctrine, we are bound by the prior decisions of this Court in this case and "the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case." *Inman v. Inman*, 648 S.W.2d 847, 849 (Ky. 1982). As the *Sacchet I* decision "settled the matter[,]" as to whether or not the jury instruction, and ultimate conviction, for wanton murder was legally justified under the evidence presented, and further determined that the issue of self-defense was presented to the jury, those resolutions are conclusive and established the law of the case, such that these claimed errors "cannot be relitigated." *Gossett v. Commonwealth*, 441 S.W.2d 117, 119 (Ky. 1969).

Similarly, CR 60.02 may not be used by Sacchet to provide an additional opportunity to reassert his prior RCr 11.42 motion which was the subject of *Sacchet I*. CR 60.02 does not allow Sacchet to bring the same claims already asserted during his prior motion. In *Gross v. Commonwealth*, 648 S.W.2d 853,

-6-

856 (Ky. 1983), the Kentucky Supreme Court stated that CR 60.02 was not an "additional opportunity" to raise defenses but, "is for relief that is not available by direct appeal and not available under RCr 11.42." Furthermore, "[t]he language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are 'issues that could reasonably have been presented' by RCr 11.42 proceedings." *Id.* at 857. "Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings. Our courts do not favor successive collateral challenges to a final judgment of conviction which attempt to relitigate issues properly presented in a prior proceeding." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky.App. 2009). All of the allegations brought by Sacchet in this appeal either were or could have been presented in prior proceedings.

However, this does not conclude our analysis because in *Sacchet I*, the Court relied upon *Shannon*, 767 S.W.2d at 552, for the proposition that "self-defense is not available as a defense to wanton murder." That ruling in *Shannon* was subsequently and specifically reversed in *Elliot v. Commonwealth*, 976 S.W.2d 416 (Ky. 1998). Therefore, Sacchet did not have an opportunity to address this change in his prior motions.

The *Elliot* opinion states that "we now depart from [*Shannon*'s] holding that KRS 503.120(1)[2] precludes the assertion of self-protection and the other KRS Chapter 503 justifications as defenses to charges of wanton murder[.]" *Id.* at 422. In Sacchet's case, this subsequent reversal is immaterial since he was not only allowed to introduce evidence of self-defense at trial, but the jury was specifically given the self-defense instruction as noted by both the trial court and this Court in *Sacchet I.* The jury in this instance first determined that Sacchet was not justified by self-defense before they found him guilty of wanton murder. Sacchet's account of the circumstances of his stabbing of Semones were previously considered by a jury and it made a credibility finding against him. The jury heard evidence from multiple witnesses that Sacchet ran after Semones and initiated contact. Assessing the credibility of witnesses and the weight given to their testimony rests "within the unique province of the jury." *McDaniel v. Commonwealth*, 415 S.W.3d 643, 654 (Ky. 2013).

---

[2] KRS 503.120(1) provides:

> When the defendant believes that the use of force upon or toward the person of another is necessary for any of the purposes for which such belief would establish a justification under KRS 503.050 to 503.110 but the defendant is wanton or reckless in believing the use of any force, or the degree of force used, to be necessary or in acquiring or failing to acquire any knowledge or belief which is material to the justifiability of his use of force, the justification afforded by those sections is unavailable in a prosecution for an offense for which wantonness or recklessness, as the case may be, suffices to establish culpability.

Sacchet's last assignment of error regards his allegation that his intoxication should have been allowed as a defense to the charge of wanton murder. This argument is more philosophical than persuasive in asserting that voluntary intoxication should be viewed as negating a defendant's mental intent to commit an offense wantonly. This argument should have been raised previously and is precluded now pursuant to *Gross*, *supra*.

Additionally, the plain reading of the statute defining wantonly precludes this argument. KRS 501.020(3) defines wantonly as:

> A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. *A person who creates such a risk but is unaware thereof solely by reason of voluntary intoxication also acts wantonly with respect thereto.*

(Emphasis added.)

In accordance with the statute, Sacchet cannot claim that his voluntary intoxication meant he could not be legally "aware" of the substantial and unjustifiable risk of death he created by his actions in attacking and stabbing Semones in the chest with a 5-inch bladed knife.

Sacchet has exhausted all his avenues for post-conviction review of his sentence. Although he continues to be disappointed with the outcome of his jury trial, we do not believe any reversible error occurred during his trial.

Accordingly, we affirm the Fayette Circuit Court's denial of Sacchet's motions for CR 60.02 and RCr 10.26 relief and otherwise find that the trial court acted within its sound discretion in refusing to modify Sacchet's sentence.

ALL CONCUR.

BRIEF FOR APPELLANT:

Walter Sacchet, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky