**Bill WHEELER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1971.

Oscar L. Blanton, William P. Bach, Jackson, for appellant.

John B. Breckinridge, Atty. Gen., and Laura L. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was indicted for the offense of murder and convicted by a jury of voluntary manslaughter. He was sentenced to confinement in the penitentiary for a period of five years.

The appellant contends the judgment should be reversed for the following reasons: (1) the court erred in failing to grant appellant's motion for a directed verdict; (2) the verdict is not sustained by the evidence and (3) improper and prejudicial argument by the Commonwealth's Attorney.

The appellant contends that no evidence of any kind was presented to establish that the shooting was done with malice aforethought. Therefore, he says he should have had a directed verdict as to the charge of murder.

The killing of a human being with a deadly weapon raises an inference of malice. Partin v. Commonwealth, Ky., 445 S.W.2d 433 (1969); Pittman v. Commonwealth, Ky., 242 S.W.2d 875 (1951).

Nevertheless the court submitted the case to the jury on instructions which authorized conviction for voluntary manslaughter *only* which, in effect, amounted to a directed verdict as to the crime of willful murder.

Appellant further contends that the uncontradicted testimony of the eyewitnesses to the shooting conclusively established that the shooting was done in self-defense and that because of the failure of the Commonwealth to disprove the claim of self-defense he was entitled to a directed verdict.

Appellant relies upon the case of Taul v. Commonwealth, Ky., 249 S.W.2d 45 (1952). We held therein that where the accused testifies to a clear case of self-defense and the evidence, including circumstances to the contrary and reasonable inferences, does not tend to disprove it, the court should direct a verdict of acquittal. But in *Taul* we also said:

"The mere fact that a man says he killed another in self-defense, or describes events which show that to be the case, does not have to be accepted at face value where the jury may reasonably infer from his incredibility or the inherent improbability of his own testimony, or all the revealed circumstances, that one or more of the several factors that qualify or enter into the legal right of self-defense were missing. Among these are reasonableness of the defendant's belief of imminent danger of great bodily injury or loss of life, the necessity or reasonable judgment of necessity to shoot to avert that danger, real or apparent, and the absence of aggression by the defendant. * * *."

■ A defendant who admits *killing* or is shown to have killed a human being and who pleads justification is shouldered with the responsibility of convincing the jury of his position. Partin v. Commonwealth, supra; Hatton v. Commonwealth, Ky., 412 S.W.2d 227 (1967) and Monroe v. Commonwealth, Ky., 343 S.W.2d 143 (1961). If the testimony relied on to establish self-defense is contradicted in any way or if there is evidence of any fact or circumstance from which a jury could reasonably conclude that some element of self-defense was lacking, a directed verdict should not be given.

In this case there was evidence that the deceased and others were drunk in the appellant's household and that they had been drinking in his home for more than an hour before the shooting; that some difficulty arose when appellant asked the deceased to leave; and that appellant's mother pushed the deceased out of the doorway before the shooting. There was no evidence that the deceased was advancing upon the appellant with a weapon when he was shot.

■ The appellant's theory that the deceased was a towering, menacing figure immediately threatening his life or safety is somewhat negated by the fact that appellant's mother was able to push the deceased out of the doorway shortly before the shooting. Considering all reasonable inferences which could be drawn from the evidence, we do not think the jury was compelled to the conclusion that the appellant reasonably believed he was in imminent danger of great bodily harm or loss of life or that in his reasonable judgment the shooting was necessary to avert that danger. The appellant was not entitled to a directed verdict.

■ Finally, appellant complains of improper and prejudicial argument by the prosecuting attorney. The record reveals that appellant's attorney objected to a portion of the argument and the court sustained the objection. No admonition was requested nor was there a request that the swearing of a jury be set aside and a new trial granted. When the objection was sustained the appellant received all of the relief he asked for and he cannot now be heard to complain that the trial judge did

not of his own initiative set aside the swearing of the jury and grant him a new trial. Humphrey v. Commonwealth, Ky., 442 S.W.2d 599 (1969).

The judgment is affirmed.

All concur.