**Elijah L. STEPP, Movant,**

v.

**COMMONWEALTH of Kentucky, Respondent.**

Supreme Court of Kentucky.

Nov. 3, 1980.

James E. Story, Story & Ovey, Eddyville, for movant.

Steven L. Beshear, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for respondent.

STERNBERG, Justice.

On October 13, 1978, the Grand Jury of Lyon County, Kentucky, returned an indictment against movant for the offense of murder, a Class A felony (KRS 507.020). A two–day jury trial resulted in movant's being found guilty of second–degree manslaughter, and his punishment was fixed at confinement in the penitentiary for a period of not less than five years. The Court of Appeals of Kentucky affirmed the judgment of the Lyon Circuit Court, and on June 17, 1980, this court granted review.

On June 16, 1978, Tom Burgess and movant, Elijah L. Stepp, with other men, were working on the construction of highway I–24 in Lyon County, Kentucky, between Eddyville and Kuttawa. At about 5:30 p. m. Burgess and Stepp were engaged in a heated argument. No serious physical contact was made between the parties, possibly some shoving. Serious and dangerous mutual threats were made. After telling Stepp that he would be back, Burgess returned to the truck in which he had been riding and departed. After staying to socialize and to drink another beer, Stepp, at the urging of other men, got in his truck and started home, with his .22–caliber pistol lying on the seat beside him. Ten or fifteen minutes after the first altercation, Stepp had driven only a short distance, not in excess of 200 feet, when Burgess reappeared in his truck with a shotgun sticking

out of the window on the driver's side. As the trucks slowly approached each other, they finally stopped. They were about eighteen inches apart. Stepp reached out the window of his truck and hit the shotgun with one hand so as to deflect any shots and with his .22–caliber pistol in the other hand, shot Burgess in the back of his head causing his death. There is some controversy as to whether Burgess was in his truck or out of it at the time movant shot him. For the bullet to have entered at the point where it did, contention is made that Burgess must have been out of his truck and either standing or lying on the ground between the two trucks. The quality of this testimony goes to the propriety of whether the shooting was necessary for self–protection. When Burgess and Stepp concluded their first confrontation, Burgess, as he left the scene, said that he would be back.

█ On this appeal movant first argues that he was entitled to a directed verdict of acquittal since he was only defending himself from Burgess.

KRS 503.050 provides:

"Use of physical force in self–protection.

(1) The use of physical force by a defendant upon another person is justifiable when the defendant believes that such force is necessary to protect himself against the use or imminent use of unlawful physical force by the other person.

(2) The use of deadly physical force by a defendant upon another person is justifiable under subsection (1) only when the defendant believes that such force is necessary to protect himself against death, serious physical injury, kidnapping, or sexual intercourse compelled by force or threat."

In *Townsend v. Commonwealth*, Ky., 474 S.W.2d 352 (1971), we said:

"It is only where evidence for a defendant conclusively establishes justification that he is entitled to a directed verdict.... If the testimony relied on to establish self–defense is contradicted or if there is evidence of any fact or circumstance from which a jury could reason-ably conclude that some element of self–defense was lacking, a directed verdict should not be given."

In *Wheeler v. Commonwealth*, Ky., 472 S.W.2d 254 (1971), we said:

"... If the testimony relied on to establish self–defense is contradicted in any way or if there is evidence of any fact or circumstance from which a jury could reasonably conclude that some element of self–defense was lacking, a directed verdict should not be given."

Although there was evidence that Burgess returned to the site of the first altercation with two guns, one of which was a shotgun which he had sticking out of the truck window and pointed at movant, there was evidence from which the jury could have drawn the inference that movant used excessive force in his self–defense. It is a question of fact as to whether movant used more force than necessary in his self–protection and, as such, the self–defense instruction was properly submitted to the jury on that issue.

Even though the trial judge instructed the jury on self–defense, he qualified the instruction with the limitations of provocation and initial aggressor. Movant argues, and properly so, that the trial court should not have qualified the self–defense instruction as to provocation or initial aggressor.

KRS 503.060(3) provides that the use of physical force by a defendant on another person is not justified when the defendant was the initial aggressor, except that his use of physical force upon the other person under that circumstance is justified when, (a) his initial physical force was non–deadly and the force returned by the other is such that he believes himself to be in imminent danger of death or serious physical injury; or (b) he withdraws from the encounter and effectively communicates to the other person his intent to do so and the latter nevertheless continues or threatens the use of unlawful physical force.

The answer to this issue requires the determination as to whether the second encounter between movant and Burgess was

separate and distinct from the first encounter or whether it was a continuance of the former. At the second encounter there was no provocation by movant, nor was he the aggressor. Burgess left the premises after the first encounter; however ten to fifteen minutes later he returned apparently looking for trouble. At that time movant had started his truck and was on his way home. Burgess, at the time of the second encounter, had two guns, one a shotgun which he pointed at movant.

■ There is no exact formula to apply in determining whether the second encounter was a continuance of the first or whether the second encounter was distinct from the first. The criterion is whether movant, in good faith, believed it was necessary to exercise extreme force in saving his own life. It is not every assertion of such belief that is adequate to support a plea of self–defense. It is the whole circumstances which surround the incident that must be considered by the trial judge in deciding whether an instruction on self–defense is proper or whether an instruction on self–defense with limitations is proper. We have held that before such qualifying instructions are proper there must of course be evidence to justify it. In other words, the trial judge must find as a matter of law that there is sufficient evidence to justify such limitations before instructing the jury. *Mayfield v. Commonwealth*, Ky., 479 S.W.2d 578 (1972); *Crigger v. Commonwealth*, Ky., 225 S.W.2d 113 (1949).

■ When we consider the evidence as a whole, we are of the opinion that there was sufficient evidence to require the trial judge to find as a matter of law that there were two separate encounters. Therefore, the instructions of the trial judge qualifying movant's self–defense instruction were prejudicially erroneous.

■ Movant complains that the trial court erred in putting him to trial without adequate time for preparation. The record discloses that movant was indicted on Friday, October 14, 1978, and his trial commenced on Wednesday, October 19, 1978.

When the case was called for trial, movant announced ready. He did not object to the swearing of the jury and he did not file an affidavit pursuant to RCr 9.04 showing the need for a continuance. Since this question was not presented to the trial court for its consideration, movant has waived any such alleged error.

Movant suggests that where the case is reversed on the ground of insufficiency of the evidence to support the verdict and to uphold the judgment of the circuit court, then, and in that event, the case must be reversed with direction to the trial court to dismiss the action. We find no fault with this proposition; however, it is not applicable to the instant case since it is not being reversed by reason of insufficiency of evidence. It is being reversed by reason of prejudicially erroneous instructions.

The decision of the Court of Appeals and the judgment of the Lyon Circuit Court are reversed, and this action is remanded to the circuit court for a new trial consistent with this opinion.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY and STERNBERG, JJ., sitting.

All concur.