RENDERED: NOVEMBER 22, 2006
WITHDRAWN: NOVEMBER 1, 2007
REISSUED: NOVEMBER 1, 2007
TO BE PUBLISHED

# Supreme Court of Kentucky

**FINAL**

2005-SC-000279-MR
AND
2005-SC-000806-MR

DATE 11-1-07 E11AGront PC.

ROBERT KEITH WELCH        APPELLANT


ON APPEAL FROM FAYETTE CIRCUIT COURT
V.        HONORABLE GARY D. PAYNE, JUDGE
NO. 03-CR-00398-002


COMMONWEALTH OF KENTUCKY        APPELLEE


## OPINION OF THE COURT BY JUSTICE MINTON

## VACATING AND REMANDING

Robert Keith Welch appeals his convictions for first-degree manslaughter, first-degree robbery, and tampering with physical evidence. We vacate and remand because the trial court inexplicably engaged in improper ex parte communication with the deliberating jury.

## I. FACTUAL AND PROCEDURAL HISTORY.

Welch and his friend, Willie Allen, produced rap CDs. To raise money to further their rap music venture, they decided to buy $5,000 worth of marijuana and sell it for a profit. The events leading up to the drug deal are disputed, but Allen and Welch ultimately drove to a White Castle restaurant to consummate the marijuana purchase.

But while they were there, the person from whom they planned to buy the marijuana was shot and killed. And Allen and Welch drove away from the White Castle together, after which Allen allegedly hid at least one gun.

The grand jury indicted Welch, Allen, and another friend, Stanley King, for murder, first-degree robbery, and tampering with physical evidence. Allen and King entered guilty pleas, but Welch's case proceeded to a jury trial. The jury convicted Welch of first-degree manslaughter, first-degree robbery, and tampering with physical evidence. As the jury recommended, Welch was sentenced to twenty years' imprisonment for manslaughter, eighteen years' imprisonment for robbery, and one year of imprisonment for tampering with physical evidence. All three sentences were ordered to be served concurrently. Welch appeals to this Court as a matter of right.[1]

## II. ANALYSIS.

Welch raises five issues on appeal. He contends that his convictions must be reversed because the trial court (1) answered written questions posed by the deliberating jury without consulting counsel and Welch, (2) improperly admitted evidence of prior bad acts, (3) improperly allowed evidence about the title of a particular rap song, (4) erred by giving the jury an initial aggressor instruction, and (5) erred by denying his motion for a new trial without conducting an evidentiary hearing.

We find no error in the trial court's rulings regarding the prior bad acts and rap song evidence. But we agree with Welch that the trial court's ex parte contact with the jury requires Welch's convictions to be vacated and the case to be remanded. Because his convictions are being vacated, Welch's argument regarding the propriety of the trial

---

[1] See Ky. Const. § 110(2)(b).

2

court's failure to hold a hearing before denying his motion for a new trial is moot. And although we find problematic the giving of the initial aggressor jury instruction, we decline to rule definitively on that issue because the evidence on retrial may be different.

### A. The Trial Court Improperly Communicated With the Deliberating Jury.

After retiring to the jury room for deliberations, the jury sent the trial court a cryptic note that said, "Willie Allen's testimony regarding their activity when they left White Castle." The trial judge's written ex parte response was "[w]e are finding the tape and the portion of the testimony after they left White Castle. Is there a particular statement you are looking for? S/Gary Payne." The jury then wrote, "Was Rob Welch in the car when Willie Allen hid the guns the first time?" And the trial judge's written ex parte response sent back to the jury room was "[y]es – he was in the car. S/Gary Payne."

Without doubt, the trial court's final ex parte note was improper. Kentucky Rules of Criminal Procedure (RCr) 9.74 provides that "[n]o information requested by the jury or any juror after the jury has retired for deliberation shall be given except in open court in the presence of the defendant . . . and the entire jury, and in the presence of or after reasonable notice to counsel for the parties." Despite the requirements of RCr 9.74, the trial judge in this case inexplicably engaged in a written conversation with the jury to the point of providing substantive information to the jury without involving counsel and the defendant. This is error. And we must determine whether this can be deemed harmless error.[2]

---

[2] RCr 9.24.

3

We have not dealt with a similar violation of RCr 9.74 in any reported decision. We have condemned violations of RCr 9.74 (and its predecessor) even if the violation appears to be less egregious than that found in this case.[3] For example, our predecessor court found reversible error when a court reporter read back portions of trial testimony for the benefit of the jury outside the presence of the defendant's counsel.[4] Without endorsing either practice, we deem the trial judge's ex parte involvement in the jury's deliberation to be more serious and potentially more prejudicial than the jury's hearing a read-back of trial testimony in the defendant's absence.

Expected in the course of a jury trial are numerous opportunities for ex parte conversations between the trial judge and individual jurors.[5] Most of these ex parte contacts are innocuous because they do not concern issues central to the case, and they are harmless because the contact does not impugn the fundamental fairness of an otherwise constitutionally acceptable trial.[6] But this case clearly does not involve an

---

[3] See, e.g., Mills v. Commonwealth, 44 S.W.3d 366 (Ky. 2001) (holding that it was reversible error for a jury to be permitted to play tapes of evidence in the jury room during deliberations); Lett v. Commonwealth, 284 Ky. 267, 144 S.W.2d 505 (1940) (holding that it was reversible error, even absent an explicit showing of prejudice, for a stenographer to read portions of the evidence to a jury without the presence of defense counsel).

[4] Lett, 144 S.W.2d at 509 ("It has been recognized since time immemorial, under the common law, the federal and our Constitution, that when one is charged with a felony the trial must be had in the presence of the accused, and that the accused has the right to be heard by himself and counsel. The Code provision makes it quite plain that if there be disagreement as to evidence—which must have existed here, else no reason for the request—any elucidation must not be had without notice to counsel. The reason is obvious, and particularly applicable here, where the witness had given contradictory testimony. It is beyond our power to make a rational guess as to the effect of the failure to have re-read the contradictory evidence.").

[5] Rushen v. Spain, 464 U.S. 114, 118, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983) ("There is scarcely a lengthy trial in which one or more jurors do not have occasion to speak to the trial judge about something, whether it relates to a matter of personal comfort or to some aspect of the trial.").

[6] For example, a juror greeting a judge in a courthouse hallway or a jury panel asking the judge to arrange for a smoking break or a meal during deliberations would likely constitute

innocuous contact. Instead, the jury's question—whether Welch was in the car when Allen hid the guns—went to the heart of the tampering with physical evidence charge against Welch.[7] Yet, instead of declining to answer the questions without summoning counsel for both Welch and the Commonwealth for consultation, the trial judge simply answered, "Yes – he was in the car." That answer, though supported by evidence in the record, constitutes a judicial finding on an issue integral to at least one of the charges against Welch. Although some ex parte judge-jury contact is unavoidable and harmless, the ex parte contact in this case is error that cannot be deemed harmless because the contact involved the jury's deliberation concerning a central issue in the case.

Whether there was evidence to support the answer given by the trial judge is irrelevant under these circumstances because it is the sole province of the jury to decide which witness(es) to believe and which to disbelieve. So because the trial court failed to observe the requirements of RCr 9.74 and because Welch's "substantial rights"[8] were violated by the trial judge's ex parte contact with the jury concerning substantive issues in this case, the error committed by the trial court cannot be deemed

---

harmless error. The ex parte contact in <u>Rushen</u>, which deals with the harmless error rule as applied to ex parte contact between a judge and a juror, was far more innocuous than the ex parte contact found in this case. Specifically, the improper contact in <u>Rushen</u> involved only one juror, not the entire panel; and, unlike the case at hand, the trial judge and juror in <u>Rushen</u> "did not discuss any fact in controversy or any law applicable to the case." 464 U.S. at 121.

[7] The jury instruction on tampering with physical evidence required the jury to convict Welch only if it found beyond a reasonable doubt that Welch "destroyed, concealed and/or removed physical evidence, which he believed was about to be produced or used in an official proceeding, or Willie Wilson Allen, Jr. did so with the Defendant [Welch], intending that Willie Wilson Allen, Jr. do so, aiding him; AND . . . [t]hat the Defendant or Willie Wilson Allen, Jr. did so with the intent to impair its availability in that official proceeding."

[8] RCr 9.24.

5

so trifling as to be harmless. As Judge Cardozo eloquently stated, "[a] criminal, however shocking his crime, is not to answer for it with forfeiture of life or liberty till tried and convicted in conformity [with the] law."[9] Because Robert Welch's liberty was forfeited in a trial that was not conducted in conformity with the law, his convictions must be vacated.

## B. There Was No Evidence of Prior Bad Acts to Necessitate Mistrial.

A detective testified that Allen had told her in an interview that the transaction with the drug dealer was intended to be Allen and Welch's "last lick." The detective testified that "hit a lick" referred to a robbery. Welch contends that the trial court erred in not declaring a mistrial because the "lick"-related testimony was inadmissible prior bad act evidence under Kentucky Rules of Evidence (KRE) 404(b).[10] In other words, Welch argues that the reference to a "last lick" left the jury to speculate about how many previous robberies or drug deals Welch had committed. Welch also argues that the evidence was improperly admitted because the Commonwealth failed to comply with the notice requirement contained in KRE 404(c).[11] We disagree.

Allen testified before the detective testified. During Allen's testimony, the Commonwealth asked Allen if he remembered telling the police that he and Welch had talked about this planned drug deal/robbery being the "last lick." Allen answered that he did not remember using the term "last lick" but that he had talked about it being the "last

---

[9]   People v. Moran, 158 N.E. 35, 37 (N.Y. 1927).

[10]  KRE 404(b) provides, in relevant part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

[11]  KRE 404(c) provides, in relevant part, "[i]n a criminal case, if the prosecution intends to introduce evidence pursuant to subdivision (b) of this rule as a part of its case in chief, it shall give reasonable pretrial notice to the defendant of its intention to offer such evidence."

one." Welch did not object to this testimony. And there was other testimony referring to the slang terms "lick" and "last lick."

Obviously, any issue regarding the Commonwealth's failure to provide reasonable notice under KRE 404(c) of its intent to introduce evidence of prior bad acts is moot since this case is being remanded for further proceedings. And the admission of this evidence did not necessitate a mistrial. A mistrial is an extraordinary remedy that should only be used in those situations where an error of such import has been committed that a litigant's right to a fair and impartial jury would be violated if a new trial were not held.[12] We may reverse a trial court's decision to deny a motion for a mistrial only if the trial court's decision represents an abuse of discretion.[13]

The evidence relating to "licks" was certainly not so egregious as to have necessitated a mistrial. Welch's contention that the evidence constituted improper impeachment on a collateral matter is unavailing because the evidence could have been admissible as rebuttal to impeach Allen in that his testimony at trial differed from his statements to the police.[14] In any event, even if we assume, for the sake of argument, that the testimony relating to "licks" was improperly admitted, the admission of that evidence was not so egregious as to cause us to hold that the trial court abused its discretion in denying Welch's motion for a mistrial.

---

[12] Shabazz v. Commonwealth, 153 S.W.3d 806, 810-11 (Ky. 2005).

[13] Id. at 811.

[14] Ernst v. Commonwealth, 160 S.W.3d 744, 762 (Ky. 2005) ("Evidence of collateral criminal conduct is admissible for the purpose of rebutting a material contention of the defendant.").

## C. Reference to the Rap Song Title Was Not Error.

Welch argues that the trial court erred in admitting evidence of the title of a rap song and in allowing the prosecution to explain the meaning of the rap song. The rap in question was entitled, "Hitting Licks, Getting Ripped, and Making Money." The song was not played for the jury. The Commonwealth simply stated that the title of the song accurately reflected its meaning. Welch contends that the only purpose of introducing this title was to inflame the jury while attempting to demonstrate that Welch had a propensity for committing robberies and using intoxicants.

We reject Welch's argument. The rap song title does not specifically identify Welch as having engaged in any criminal activity. And we strongly question whether the admission of the song title actually constituted a prior bad act under KRE 404(b). But even if we assume for argument purposes that the title was improperly admitted, that error was undoubtedly harmless given the other evidence presented against Welch.[15]

## D. Giving Initial Aggressor Instruction Was Questionable.

Welch, who built his defense around the concepts of self protection or defense of another, argues that the trial court erred by instructing the jury that the defenses of self-protection and defense of another were not available to Welch if the jury believed Welch was the initial aggressor. Welch argues that there was no evidence admitted at trial to show that he was the initial aggressor in the fatal confrontation at White Castle. Allen, who provided the only eyewitness testimony about the origins of the deadly

---

[15] *See, e.g.,* Thacker v. Commonwealth, 194 S.W.3d 287, 291 (Ky. 2006) ("The test for harmless error is whether there is any substantial possibility that the outcome of the case would have been different without the presence of that error.").

8

confrontation, testified that the victim pointed a gun at Allen before struggling with Welch.

The Commonwealth contends that the initial aggressor instruction was proper because Allen testified out of a close relationship with Welch. Reasoning by inference, the Commonwealth contends that the jury could reasonably have believed that Allen was lying to protect Welch and could have inferred that Welch or Allen was the initial aggressor, especially in light of the fact that Welch and Allen came to White Castle with loaded weapons and Allen's testimony that he intended to rob the victim.

In order to determine if a qualified self-defense instruction, such as the initial aggressor instruction, is warranted, a trial court must consider the entire circumstances of the case and must make a determination that there is sufficient evidence to warrant the initial aggressor instruction.[16] From our review of the record, we question whether an initial aggressor instruction was proper because the Commonwealth has cited to no specific evidence showing that Welch or Allen was, in fact, the initial aggressor.

But we do not need to rule definitively on this issue since Welch's convictions are being vacated on other grounds. And the evidence on retrial may be different, such that the giving of an initial aggressor instruction is more (or less) appropriate. Suffice it to say that the trial court should give an initial aggressor instruction on remand only if such an instruction is necessary under our holding in Stepp v. Commonwealth.

---

[16] Stepp v. Commonwealth, 608 S.W.2d 371, 374 (Ky. 1980) ("It is the whole circumstances which surround the incident that must be considered by the trial judge in deciding whether an instruction on self-defense is proper or whether an instruction on self-defense with limitations is proper. We have held that before such qualifying instructions are proper there must of course be evidence to justify it. In other words, the trial judge must find as a matter of law that there is sufficient evidence to justify such limitations before instructing the jury.").

E. <u>Issue on Motion for a New Trial Is Moot.</u>[17]

Welch contends that the trial court erred by denying his motion for a new trial without holding a hearing. Since Welch's convictions are being reversed due to the trial court's improper ex parte contact with the jury, this argument is moot.

## II. CONCLUSION.

For the foregoing reasons, Robert Keith Welch's manslaughter, robbery, and tampering with physical evidence convictions are hereby vacated; and the matter is remanded to the circuit court for further proceedings consistent with this opinion.

All sitting. Lambert, C.J.; Abramson, Cunningham, Noble, and Schroder, JJ., concur. Scott, J., dissents by separate opinion.

---

[17] The denial of his motion for a new trial is the subject of Welch's second appeal, Case No. 2005-SC-000806-MR. Because each appeal involves the same underlying facts, we have elected to resolve Case No. 2005-SC-000279-MR and Case No. 2005-SC-000806-MR in this combined opinion.

COUNSEL FOR APPELLANT:

Euva D. May
Assistant Public Advocate
Appellate Division
Department of Public Advocacy
100 Fair Oaks Lane, Suite 302
Frankfort, KY 40601


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General of Kentucky

Susan Roncarti Lenz
Assistant Attorney General
Office of Attorney General
Criminal Appellate Division
1024 Capital Center Drive
Frankfort, KY 40601-8204

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2005-SC-000279-MR
AND
2005-SC-000806-MR

ROBERT KEITH WELCH                                             APPELLANT

V.

ON APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE GARY D. PAYNE, JUDGE
NO. 03-CR-000398-002

COMMONWEALTH OF KENTUCKY                                       APPELLEE

## DISSENTING OPINION BY JUSTICE SCOTT

I respectfully dissent. Although the trial judge erred by engaging in an ex parte communication with the jury during the guilt phase deliberations, it was harmless error. Thus, Robert Welch's conviction and sentence should be affirmed.

In dissenting, I concede that the ex parte communication was improper, but such errors are subject to harmless error analysis. See RCr 9.24. Under such analysis, we must therefore disregard the error if it does not affect the substantial rights of Appellant; see id., meaning "that if upon a consideration of the whole case this court does not believe there is a substantial possibility that the result would have been any different, the irregularity will be held nonprejudicial." Brewer v. Commonwealth, 206 S.W.3d 313, 324 (Ky. 2006), citing Matthews v. Commonwealth, 163 S.W.3d 11, 27 (Ky. 2005).

In finding reversible error, the majority relies in part on Mills v. Commonwealth, 44 S.W.3d 366 (Ky. 2001), where this Court found a serious constitutional violation when the trial judge provided taped statements to a jury that had not been admitted into evidence. We reasoned that the trial judge committed an "error of serious constitutional magnitude" because the jury had not heard the tapes during the trial, and thus the statements were not subject to adversarial testing. Id. at 372. That is not the case here.

In this matter, after a discussion with the trial judge requesting a review of Allen's testimony, the jury indicated it was seeking an answer *to a specific factual question disclosed in that testimony.* The trial judge simply provided the answer—which the jury had already heard when Allen testified under direct and cross-examination at trial.

The majority incorrectly characterizes the ex parte communication as a judicial finding on a central issue in the case. According to the first notes between the judge and jury,[1] it was understood that the jury had inquired about Allen's testimony, not the trial judge's personal opinion. Thus, the trial judge's response was nothing more than a repeat of that previously admitted testimonial evidence. Moreover, the error was not prejudicial to Welch because the trial judge's response *was correct* as is demonstrated by Allen's testimony.

In sum, the technical error committed here is not sufficiently serious to warrant vacating his conviction. See Rushen v. Spain, 464 U.S. 114, 104 S.Ct. 453, 78

---

[1] The jury sent the trial judge a note that said, "Willie Allen's testimony regarding their activity when they left White Castle." The trial judge's written response was "[w]e are finding the tape and the portion of the testimony after they left White Castle. Is there a particular statement you are looking for? S/Gary Payne."

2

L.Ed.2d 267 (1983) (holding that an ex parte communication between trial judge and jury can be harmless error). Accordingly, I dissent.

# Supreme Court of Kentucky

2005-SC-000279-MR
AND
2005-SC-000806-MR


ROBERT KEITH WELCH                                               APPELLANT


ON APPEAL FROM FAYETTE CIRCUIT COURT
V.                      HONORABLE GARY D. PAYNE, JUDGE
NO. 03-CR-00398-002


COMMONWEALTH OF KENTUCKY                                          APPELLEE


## ORDER GRANTING PETITION FOR REHEARING
## AND WITHDRAWING AND REISSUING OPINION

The Petition for Rehearing filed by the Appellant, Robert Keith Welch, is hereby

granted.  There shall be no additional briefing.

The Memorandum Opinion of the Court, rendered herein on November 22, 2006,

is hereby withdrawn; and the attached Memorandum Opinion is reissued in lieu thereof.

All sitting.  Lambert, C.J.; Abramson, Cunningham, Minton, Noble, and Schroder,

JJ., concur.  Scott, J., would not have granted the petition.

ENTERED:  November 1, 2007.


_____
CHIEF JUSTICE