# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JUNE 15, 2017
NOT TO BE PUBLISHED

FINAL

## Supreme Court of Kentucky

2016-SC-000583-MR

DATE 7/6/17 Kim Redman, DC

LAURA FRANCES HENSLEY,                                                                 APPELLANT
ADMINISTRATRIX OF THE ESTATE
OF JAMES ELIJAH HENSLEY

|  |  |
|---|---|
| V. | ON APPEAL FROM COURT OF APPEALS<br>CASE NO. 2016-CA-001033<br>FAYETTE CIRCUIT COURT NO. 12-CI-04948 |

HON. PAMELA R. GOODWINE, JUDGE                                        APPELLEE
FAYETTE CIRCUIT COURT

AND

TRAXX MANAGEMENT COMPANY                          REAL PARTY IN INTEREST


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**


In 2011, Wendell Price worked at a gas station in Rockcastle County that was owned by Traxx Management Company (Traxx). On November 7, 2011, James Hensley entered the gas station armed with a kitchen knife and demanded money. He was given the money and then fled the store on foot. After Hensley had run 150 feet from the store, Price shot him in the back, killing him. Laura Frances Hensley is the Administratrix of the Estate of

James Hensley (the "Estate"). In 2012, the Estate filed a wrongful death claim in Fayette Circuit Court against Traxx.

After trial, the jury entered a verdict in favor of the Estate and awarded $7,168.00 in funeral expenses, $395,000.00 for Hensley's future loss of earnings, and $2,000,000.00 in punitive damages. On December 1, 2015, the trial court entered a judgment in accordance with the jury's verdict. On December 11, 2015, Traxx filed a motion for judgment notwithstanding the verdict (JNOV) and a motion for a new trial. On March 25, 2016, the trial court entered an order granting the motion for a new trial based primarily on the inconsistency in the verdict because the jury found that Price acted intentionally *and* negligently in shooting Hensley. *See, e.g., Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 733 (Ky. 2009) (citing *Martin v. Yeoham,* 419 S.W.2d 937, 945 (Mo. App. 1967) (". . . proof that the wrongdoing on the part of the defendant was deliberate would exclude negligence.")). The trial court also addressed numerous other issues in its order.

The Estate petitioned the Court of Appeals for writ prohibiting the trial court's order granting a new trial, which the Court of Appeals denied. The Estate now appeals that ruling. Having reviewed the facts and the law, we affirm the Court of Appeals' denial of the petition.

**Standard of Review**

It is clear that the trial court was acting within its jurisdiction when it ordered a new trial. An appellate court has discretion to grant a writ where a trial court is proceeding within its jurisdiction upon a showing that the court

2

is: 1) acting or is about to act erroneously; 2) there exists no adequate remedy by appeal or otherwise, and 3) great injustice and irreparable injury will result if the petition is not granted. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). We review the Court of Appeals' determination under an abuse of discretion standard. *Sowders v. Lewis*, 241 S.W.3d 319, 322 (Ky. 2007).

## Analysis

The Estate raises several issues, most of which can be classified as contesting the merits of the trial court's order granting a new trial. The Court of Appeals aptly addressed these and other issues as follows:

> The issue of whether a trial court properly granted a new trial is routinely decided upon direct appeal. *CertainTeed Corp. v. Dexter*, 330 S.W.3d 64, 68 (Ky. 2010). Further, the expense and delay of litigation does not amount to irreparable injury. *National Gypsum Co. v. Corns*, 736 S.W.2d 325, 327-28 (Ky. 1987). The Estate further argues that the trial judge improperly communicated with the jury outside the presence of the parties and that this alleged error cannot be remedied by appeal. An improper ex parte communication between judge and jury may be remedied upon direct appeal. *Welch v. Commonwealth*, 235 S.W.3d 555, 557-58 (Ky. 2007). Therefore, we conclude that the Estate has failed to demonstrate the lack of an adequate [remedy] by appeal and irreparable injury, which are mandatory prerequisites to the issuance of an extraordinary writ.

We agree with the Court of Appeals' reasoning and adopt it herein.

The Estate also claims that it would suffer great injustice and irreparable injury because the trial court's order granting a new trial made additional evidentiary determinations that would impact the new trial. The Estate specifically alleges the following:

> . . . at a second trial there will be no evidence about the company Traxx, even though Traxx is the sole Defendant and it would not be

3

possible to prove an employee committed a tort in the scope of employment for vicarious liability purposes without introducing evidence regarding the Defendant company and its policies procedures, and training.

Contrary to the Estate's argument, however, the trial court's order provides the following relevant ruling:

Plaintiff on numerous occasions throughout the trial referenced the size of the company, the number of stores and employees, and the chairman of the board, Dudley Webb. Upon retrial, the ruling stands and Plaintiff shall not present any evidence regarding direct claims against Traxx for negligent hiring, training, retention and/or supervision.

The trial court also noted that, prior to trial, the court granted summary judgment on claims for negligent hiring, training, retention and supervision. Therefore, the Estate's argument that, upon retrial, "there will be no evidence about the company Traxx[,]" is unfounded. To the extent that the trial court issued additional evidentiary determinations that may arguably disfavor the Estate's case during retrial, these rulings do not justify writ relief.

Lastly, the Estate insists that this case satisfies the "special case" exception to our writ standard. However, "our case law is clear that the certain-special-cases exception only supplants the requirement that a petitioner prove irreparable harm in the absence of a writ, not the requirement that there be no adequate remedy by appeal or otherwise." *Ridgeway Nursing & Rehabilitation Facility, LLC v. Lane*, 415 S.W.3d 635, 641-42 (Ky. 2013) (citing *Bender v. Eaton*, 343 S.W.2d 799, 801 (Ky. 1961)). As previously discussed, the Estate has failed to demonstrate the absence of an adequate

4

remedy on appeal. Accordingly, the Court of Appeals did not abuse its discretion in denying the Estate's petition.

## Conclusion

For the foregoing reasons, we affirm the Court of Appeals' denial of the petition seeking a writ of prohibition

All sitting. All concur.

COUNSEL FOR APPELLANT:

Sandra Varellas
David Todd Varellas
James Varellas, III
VARELLAS & VARELLAS

APPELLEE:

Hon. Pamela R. Goodwine
Judge, Fayette Circuit Court

COUNSEL FOR REAL PARTY IN INTEREST:

Ronald L. Green
James Michael Inman
GREEN, CHESNUT & HUGHES, PLLC

5